UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE GUTIERREZ,<br><br>   Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>   Defendant. | Case No. EDCV 12-01042 JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On June 28, 2012, Joanne Gutierrez ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on October 22, 2012. On January 18, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 46 year old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on October 15, 2008. (AR 15.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 1, 2008, the alleged onset date. (AR 15.)

Plaintiff's claims were denied initially on April 24, 2009, and on reconsideration on December 23, 2009. (AR 15.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Daniel G. Heely on December 8, 2010, in Orange, California. (AR 15.) Claimant did not appear at the hearing[1] but was represented by counsel. (AR 15.) Vocational expert ("VE") Alan Boroskin also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on January 28, 2011. (AR 15-24.) The Appeals Council denied review on May 3, 2012. (AR 1-5.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as the ground for reversal and remand:

1. Whether the ALJ properly considered the testimony of Joanne Gutierrez.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

---

[1] Notice to Show Cause was issued on December 9, 2010. Claimant did not respond to this notice and therefore constructively waived her right to appear at the hearing. (AR 15.)

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine

whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since August 1, 2008, the alleged onset date. (AR 17.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: rheumatoid arthritis and depression. (AR 17.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 18.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b), except that she is limited to work involving simple routine tasks. (AR 19.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 21.)

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work as an overnight stock clerk, a teacher's aide, and a receptionist. (AR 22.) At step five, however, the ALJ found that there are jobs that exist in significant numbers in the national economy that Claimant can perform, including representative occupations such as a photocopying machine operator, information clerk, and vehicle transportation. (AR 22-23.)

Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the ALJ's decision. (AR 23.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's credibility. The ALJ's RFC and fifth step finding that Plaintiff can perform jobs in the national economy is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

### I. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY

Claimant alleges that she is in constant intense pain. (AR 21.) In determining her RFC, however, the ALJ found that Plaintiff was not credible to the extent her symptoms were inconsistent with the RFC. (AR 21.) The ALJ found that Plaintiff's symptoms were inconsistent with the medical evidence, with her minimal treatment and lack of compliance with her treatment, and with her daily activities. The ALJ properly discounted Plaintiff's credibility. (AR 21.)

**A.     Relevant Federal Law**

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v, Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 21.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not credible to the extent they are inconsistent with the ALJ's RFC assessment. (AR 21.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-1284. The ALJ did so.

First, the ALJ found that the limitations assessed were consistent with the medical evidence. (AR 21-22.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason

for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 959. Plaintiff does not dispute the ALJ's characterization of the medical evidence. Plaintiff relies on her statements of subjective pain symptoms. (AR 21.)

Second, the ALJ found that Plaintiff has sought or received minimal treatment which would indicate the pain was not as severe or as limiting as Plaintiff alleges. (AR 21.) An ALJ is permitted to consider lack of treatment in his credibility determination. Burch, 400 F.3d at 681; SSR 96-7p (an "individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints"). The ALJ found that, despite her allegations of constant and intense pain, Plaintiff has seen doctors only sporadically for her pain. (AR 21.) The ALJ documented that Plaintiff first established care with Dr. Metyas in July 2007, but did not see a physician again until November 2008. (AR 20.) She did not return to Dr. Metyas until March 2009. (AR 20.)

Third, the ALJ found that Plaintiff was not compliant with her treatment regimen. (AR 20, 21.) An unexplained failure to follow a prescribed course of treatment can undermine a claimant's credibility. Bunnell, 947 F.2d at 346 (9th Cir. 1991). Here, the ALJ noted that Plaintiff did not take her medications and Dr. Metyas found her non-compliant. (AR 21, 208, 209.) The ALJ also noted that, although Dr. Villatoro referred her to a rheumatologist in May 2010, Claimant did not follow through on the referral. (AR 21, 346.)

Fourth, the ALJ found that Plaintiff's daily activities were inconsistent with her allegations of disabling pain. (AR 18, 21.) Claimant's daily activities are a factor in determining the credibility of a claimant's pain allegations. Bunnell, 947 F.2d at 345-346. Here, the ALJ found but mild restriction in daily activities. (AR 18.) Claimant performs chores around the house such as laundry and vacuuming, grocery shops, gardens, and drives a car. (AR 18.) While these activities alone do not prove Plaintiff could return to work, Valentine v. Comm'r, Soc. Sec. Adm., 574 F.3d 685, 693 (9th Cir. 2009), the ALJ reasonably found that, because of Claimant's activities, her pain was not as severe or as limiting as she claims. (AR 21.)

Although Plaintiff disagrees with the ALJ's interpretation of the evidence, it is the ALJ who is responsible for resolving conflicts in the medical evidence and ambiguities in the record.

Andrews, 53 F.3d at 1039; Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). Here, the ALJ's interpretation was reasonable and should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

\* \* \*

The ALJ did not improperly discount Plaintiff's credibility. The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: February 27, 2013

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE